CITED *in State* v. *Clerk of Middletown*, 4 *Zab.* 124; *State* v. *Saalman*, 8 *Vr.* 159; *State* v. *Koster*, 9 *Vr.* 309.

THE INHABITANTS OF HOPEWELL v. CHARLES WELLING.

Notice of application by a landholder for the appointment of commissioners to review the assessment of damages to his land, by the laying out a road over the same, must be given to the township committee, and not to the applicants. The town committee are "the other party" referred to in the act of March 1, 1850.

On *certiorari* to the clerk of the county of Mercer.

Argued in the branch court, before Justices ELMER and POTTS; *Beasley* for plaintiffs.

The opinion of the court was delivered by

ELMER, J.   A public road having been laid out in the townships of Ewing and Hopewell, in the county of Mercer, the damages of Charles Welling, an owner of land in the township of Hopewell, were assessed by the surveyors, pursuant to the " supplement to the act entitled, an act concerning roads," approved March 1, 1850.   The said owner, being dissatisfied with the assessment in his case, applied to one of the judges of the Court of Common Pleas of said county, who appointed three freeholders to review the same ; and the freeholders proceeded accordingly, and reported an increased sum as the damages.   The *certiorari* brings up this review and report, and the inhabitants of the township now insist that the appointment of the freeholders was not made in pursuance of the act.

It appears that notice of application was given to one of the applicants for the road, but no notice was given to the township committee.   By the eighth section of the aforesaid act, it is enacted " that the party intending to make the application mentioned in the fifth section of this act shall give ten days' notice in writing to the other party."   To ascertain who is meant in this section by " the other party," we must have recourse to the said fifth section ; and there it appears, that if any township committee or any owner shall be dissatisfied with the assessments, they may apply for the appointment of freeholders to review the same.   It is manifestly the meaning of the act that the township committee, representing the inhabitants of the township who are to pay the assessments, is the party on the one side, and the owner on the other, either of whom may apply for a review, and who are to notify the one or the other of the intention to do so.   The applicants for the road have no interest in the assessments, and are not the party who apply for a review or who are to be notified of an application by an owner.   The report of the three freeholders must therefore be quashed and set aside.